FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 08, 2021

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHAWN T.,[1]<br><br>        Plaintiff,<br><br>vs.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>        Defendant. | No. 2:20-cv-00036-MKD<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT AND GRANTING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT<br><br>ECF Nos. 14, 15 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 14, 15. The parties consented to proceed before a magistrate judge. ECF No. 8. The Court, having reviewed the administrative record and the parties' briefing,

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

1  is fully informed.  For the reasons discussed below, the Court denies Plaintiff's

2  motion, ECF No. 14, and grants Defendant's motion, ECF No. 15.

### JURISDICTION

4  The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

### STANDARD OF REVIEW

6  A district court's review of a final decision of the Commissioner of Social

7  Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

8  limited; the Commissioner's decision will be disturbed "only if it is not supported

9  by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

10  1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

11  reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159

12  (quotation and citation omitted).  Stated differently, substantial evidence equates to

13  "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and

14  citation omitted).  In determining whether the standard has been satisfied, a

15  reviewing court must consider the entire record as a whole rather than searching

16  for supporting evidence in isolation. *Id.*

17  In reviewing a denial of benefits, a district court may not substitute its

18  judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152,

19  1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

20  rational interpretation, [the court] must uphold the ALJ's findings if they are

ORDER - 2

1  supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

2  F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an

3  ALJ's decision on account of an error that is harmless." *Id.*  An error is harmless

4  "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

5  *Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's

6  decision generally bears the burden of establishing that it was harmed.  *Shinseki v.*

7  *Sanders*, 556 U.S. 396, 409-10 (2009).

8  **FIVE-STEP EVALUATION PROCESS**

9  A claimant must satisfy two conditions to be considered "disabled" within

10  the meaning of the Social Security Act.  First, the claimant must be "unable to

11  engage in any substantial gainful activity by reason of any medically determinable

12  physical or mental impairment which can be expected to result in death or which

13  has lasted or can be expected to last for a continuous period of not less than twelve

14  months."  42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be

15  "of such severity that he is not only unable to do his previous work[,] but cannot,

16  considering his age, education, and work experience, engage in any other kind of

17  substantial gainful work which exists in the national economy."  42 U.S.C. §

18  423(d)(2)(A).

19  The Commissioner has established a five-step sequential analysis to

20  determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §

ORDER - 3

404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 404.1520(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess

ORDER - 4

the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

ORDER - 5

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On June 26, 2018, Plaintiff applied for Title II disability insurance benefits alleging a disability onset date of May 28, 2010.[2] Tr. 15, 122, 237-43. The application was denied initially and on reconsideration. Tr. 153-55; Tr. 159-65. Plaintiff appeared before an administrative law judge (ALJ) on August 14, 2019. Tr. 35-111. On August 28, 2019, the ALJ denied Plaintiff's claim. Tr. 12-34.

At step one of the sequential evaluation process, the ALJ found Plaintiff, who met the insured status requirements through December 31, 2015, had not engaged in substantial gainful activity from October 31, 2014 through December

_____

[2] Plaintiff previously applied for Title II benefits, which was denied on October 30, 2014, and was not appealed. Tr. 112-21. The ALJ found there was no basis for reopening the prior claim and as such the relevant time period for the current application began October 31, 2014. Tr. 15.

ORDER - 6

31, 2015.  Tr. 17.  At step two, the ALJ found that Plaintiff had the following severe impairments:  mood disorder/major depressive disorder, generalized anxiety disorder, somatoform disorder, and post-traumatic stress disorder (PTSD).  *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 18.  The ALJ then concluded that Plaintiff had the RFC to perform a full range of work with the following limitations:

> [Plaintiff could] understand, remember and carryout simple, routine and/or repetitive work instructions and work tasks; [could] have frequent contact with the public; [needed] a routine work setting with little or no changes; no fast paced or strict production quota-type work; and no independent decision-making or making decisions for others.

Tr. 20.

At step four, the ALJ found Plaintiff was unable to perform any of his past relevant work.  Tr. 26.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as industrial cleaner, warehouse checker, and garment sorter.  Tr. 27.  Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from October 31, 2014 through December 31, 2015.  *Id.*

ORDER - 7

On December 6, 2019, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II of the Social Security Act.  Plaintiff raises the following issues for review:

1.  Whether the ALJ properly evaluated Plaintiff's symptom claims; and

2.  Whether the ALJ properly evaluated the medical opinion evidence. ECF No. 14 at 1.

## DISCUSSION

### A. Plaintiff's Symptom Claims

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting his symptom claims.  ECF No. 14 at 3-5.  An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms.  SSR 16–3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Molina*, 674 F.3d at 1112 (quotation marks omitted). "The claimant is not required to show that [the claimant's] impairment could

ORDER - 8

reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or

other symptoms; 5) treatment, other than medication, an individual receives or has

received for relief of pain or other symptoms; 6) any measures other than treatment

an individual uses or has used to relieve pain or other symptoms; and 7) any other

factors concerning an individual's functional limitations and restrictions due to

pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §

404.1529(c).  The ALJ is instructed to "consider all of the evidence in an

individual's record," to "determine how symptoms limit ability to perform work-

related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could

reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

statements concerning the intensity, persistence, and limiting effects of his

symptoms were not entirely consistent with the evidence.  Tr. 21.

Plaintiff challenges only the ALJ's conclusion that the objective medical

evidence was inconsistent with Plaintiff's symptom complaints.  ECF No. 14 at 4-

6.  Plaintiff failed to challenge the other reasons the ALJ cited in support of his

finding that Plaintiff's symptom complaints were not entirely credible, thus, any

challenges are waived and the Court may decline to review them.  *See Carmickle v.*

*Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).  However,

upon review, the Court finds that the ALJ provided specific, clear, and convincing

reasons, supported by substantial evidence, to support his finding.  Tr.  21-23.

ORDER - 10

1    *1. Objective Medical Evidence*

2    The ALJ found Plaintiff's symptom complaints were inconsistent with the

3    objective evidence.  Tr. 21.  An ALJ may not discredit a claimant's symptom

4    testimony and deny benefits solely because the degree of the symptoms alleged is

5    not supported by objective medical evidence.  *Rollins v. Massanari*, 261 F.3d 853,

6    857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991);

7    *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch v. Barnhart*, 400 F.3d

8    676, 680 (9th Cir. 2005).  However, the objective medical evidence is a relevant

9    factor, along with the medical source's information about the claimant's pain or

10    other symptoms, in determining the severity of a claimant's symptoms and their

11    disabling effects.  *Rollins*, 261 F.3d at 857; 20 C.F.R. § 404.1529(c)(2).

12    Regarding Plaintiff's mental health symptoms, the ALJ found the objective

13    evidence is inconsistent with Plaintiff's allegations of disabling mental health

14    symptoms.  Tr. 21.  Plaintiff sought routine mental health treatment, during which

15    he reported improvement with treatment.  *Id.* (citing Tr. 497, 504-05, 608, 610,

16    1170, 1193).  Plaintiff only occasionally reported symptoms of depression or

17    PTSD, while more commonly reporting he was not experiencing depression or

18    nightmares.  Tr. 21 (citing Tr. 603, 606, 1162, 1170, 1177).  Plaintiff's mental

19    status examinations were generally unremarkable.  Tr. 21 (citing Tr. 610, 613, 615,

20    617, 619, 1164-65, 1172, 1181, 1187).

1    Regarding Plaintiff's physical symptoms, the ALJ found the objective

2  evidence is inconsistent with Plaintiff's allegations of disabling gastrointestinal

3  symptoms.  Tr. 22.  Plaintiff's tests and imaging were benign, his pain was noted

4  as stable, and he was observed as being in no acute distress with only mild to

5  moderate abdominal/pelvic tenderness.  Tr. 22 (citing Tr. 449, 483, 601, 604, 607-

6  08 610, 1350, 1354.  While Plaintiff alleged weight loss due to diarrhea, medical

7  records demonstrated Plaintiff gained weight during the relevant period.  Tr. 22

8  (citing Tr. 501, 1164, 1172).

9    While Plaintiff argues the overall record demonstrates he has severe mental

10  health limitations, and argues the ALJ improperly relied on Plaintiff's

11  nutritionist/gastroenterologist records as evidence of normal mental functioning,

12  Plaintiff does not address the multiple normal mental health examinations

13  discussed *supra*.  Plaintiff further argues the ALJ erred in relying on Plaintiff's

14  testimony regarding his mental health symptoms, as the ALJ did not ask any

15  questions regarding his mental health symptoms.  ECF No. 14 at 6.  At the hearing,

16  Plaintiff's counsel questioned Plaintiff regarding what symptoms he was

17  experiencing during the relevant time, and Plaintiff reported only gastrointestinal

18  symptoms.  Tr. 82-99.  Even when asked if he had any additional symptoms that

19  had not already been discussed, Plaintiff responded he focuses on the

20  gastrointestinal symptoms because they are "horrible," and stated only that he had

ORDER - 12

1    depression and flashbacks of "some incidences" during the relevant time. Tr. 99-

2    100. On this record, the ALJ reasonably concluded that the objective evidence was

3    inconsistent with Plaintiff's symptom complaints. This finding is supported by

4    substantial evidence and was a clear and convincing reason, combined with the

5    other reasons discussed herein, to discount Plaintiff's symptoms complaints.

6        *2. Improvement with Treatment*

7        The ALJ found Plaintiff's improvement with treatment was inconsistent with

8    his symptom claims. Tr. 21. The effectiveness of treatment is a relevant factor in

9    determining the severity of a claimant's symptoms. 20 C.F.R. § 404.1529(c)(3)

10   (2011); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006)

11   (determining that conditions effectively controlled with medication are not

12   disabling for purposes of determining eligibility for benefits); *Tommasetti v.*

13   *Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (recognizing that a favorable response

14   to treatment can undermine a claimant's complaints of debilitating pain or other

15   severe limitations).

16       The ALJ noted that Plaintiff reported improvement in his mental health

17   symptoms during the relevant period. Tr. 21. Plaintiff reported his nightmares

18   stopped and his anxiety improved when his Prazosin was increased. Tr. 1162,

19   1170. He reported improvement in his depression, increased activity, and

20   improved appetite. Tr. 603, 606, 608. Plaintiff reported engaging in online college

ORDER - 13

classes during the period he reported improvement.  Tr. 1168.  Medical records

also noted Plaintiff had improving PTSD and depression symptoms with treatment.

*See, e.g.,* Tr. 394, 398, 438, 553, 579, 1172.  On this record, the ALJ reasonably

concluded that Plaintiff's impairments when treated were not as limiting as

Plaintiff claimed.  This finding is supported by substantial evidence and was a

clear and convincing reason to discount Plaintiff's symptoms complaints.

### 3.  Inconsistent Statements

The ALJ found Plaintiff made inconsistent statements regarding his

symptoms.  Tr. 21.  In evaluating a claimant's symptom claims, an ALJ may

consider the consistency of an individual's own statements made in connection

with the disability-review process with any other existing statements or conduct

under other circumstances.  *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)

(The ALJ may consider "ordinary techniques of credibility evaluation," such as

reputation for lying, prior inconsistent statements concerning symptoms, and other

testimony that "appears less than candid.").  Moreover, evidence that the claimant

was motivated by secondary gain is sufficient to support an ALJ's rejection of

testimony.  *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir.

1992).  Therefore, the tendency to exaggerate or engage in manipulative conduct

during the administrative process is a permissible reason to discount the credibility

ORDER - 14

of the claimant's reported symptoms.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

While Plaintiff alleges he has frequent nightmares, the ALJ noted the medical records indicate Plaintiff reported not experiencing nightmares for several months at a time.  Tr. 21 (citing Tr. 1162).  Plaintiff testified to having extreme limitations during the hearing, but reported to his providers that he had improvement in his symptoms with treatment, was returning to college, spending time with others, and traveling.  Tr. 22 (citing Tr. 497, 610, 613, 615, 617, 619, 1164-65, 1168, 1172, 1181, 1183, 1187, 1191).  On this record, the ALJ reasonably concluded that Plaintiff made inconsistent statements regarding his symptoms and functioning.  This finding is supported by substantial evidence and was a clear and convincing reason to discount Plaintiff's symptoms complaints.

### 4.  Activities of Daily Living

The ALJ found Plaintiff's activities of daily living were inconsistent with his symptom complaints.  Tr. 21.  The ALJ may consider a claimant's activities that undermine reported symptoms.  *Rollins*, 261 F.3d at 857.  If a claimant can spend a substantial part of the day engaged in pursuits involving the performance of exertional or non-exertional functions, the ALJ may find these activities inconsistent with the reported disabling symptoms.  *Fair*, 885 F.2d at 603; *Molina*, 674 F.3d at 1113.  "While a claimant need not vegetate in a dark room in order to

be eligible for benefits, the ALJ may discount a claimant's symptom claims when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting" or when activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1112-13.

The ALJ noted Plaintiff took online college classes and reported socializing with others and traveling, including helping work on a home on the trip, during the relevant period. Tr. 21-22 (citing Tr. 603, 1154, 1168). Plaintiff reported being "active" and having improved energy. Tr. 22 (citing Tr. 1154, 1189). In his function report, Plaintiff reported he was able to: help care for pets; handle his own personal care with some difficulties; prepare simple meals; help with some chores when he was able to each week; shop; handle money with some forgetfulness; drive; read and watch television, including researching and trying to learn new things up to four hours per day, with some difficulties comprehending/retaining things; and socialize by phone weekly and in person once per month. Tr. 307-17. On this record, the ALJ reasonably concluded that Plaintiff's activities of daily living were inconsistent with his symptom complaints.

The ALJ rejected Plaintiff's symptom claims for clear and convincing reasons that are supported by substantial evidence.

ORDER - 16

**B. Medical Opinion Evidence**

Plaintiff challenges the ALJ's evaluation of the medical opinions of Ken Cogswell, Ph.D., and F.J. Reed, M.D.  ECF No. 14 at 5-10.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c.  The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. § 404.1520c(a).  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. § 404.1520c(a) and (b).  The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the

ORDER - 17

other evidence in the claim or an understanding of our disability program's policies

and evidentiary requirements"). 20 C.F.R. § 404.1520c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore

the ALJ is required to explain how both factors were considered. 20 C.F.R. §

404.1520c(b)(2). Supportability and consistency are explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2). The ALJ may, but is not required to, explain how

the other factors were considered. 20 C.F.R. § 404.1520c(b)(2).[3] However, when

_____

[3] The parties disagree over whether Ninth Circuit case law continues to be

controlling in light of the amended regulations, specifically whether an ALJ is still

required to provide specific and legitimate reasons for discounting a contradicted

opinion from a treating or examining physician. ECF No. 14 at 5-6; ECF No. 15 at

7-12. Plaintiff argues the ALJ was required to give specific and legitimate reasons

to reject the medical opinions under existing case law but did not present an

ORDER - 18

argument as to how the existing case law still applies under the new regulations. ECF No. 14 at 5-6.  Defendant argues that because the new regulations apply, the prior case law does not govern.  ECF No. 15 at 7.  Plaintiff did not respond to Defendant's arguments.  The Court finds resolution of this question unnecessary to the disposition of this case.  "It remains to be seen whether the new regulations will meaningfully change how the Ninth Circuit determines the adequacy of the an ALJ's reasoning and whether the Ninth Circuit will continue to require that an ALJ provide 'clear and convincing' or 'specific and legitimate reasons' in the analysis of medical opinions, or some variation of those standards." *Allen T. v. Saul*, No. EDCV 19-1066-KS, 2020 WL 3510871, at *3 (C.D. Cal. June 29, 2020) (citing *Patricia F. v. Saul*, No. C19-5590-MAT, 2020 WL 1812233, at *3 (W.D. Wash. Apr. 9, 2020)).  "Nevertheless, the Court is mindful that it must defer to the new regulations, even where they conflict with prior judicial precedent, unless the prior judicial construction follows from the unambiguous terms of the statute and thus leaves no room for agency discretion.'" *Allen T.,* at *3 (citing *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Services*, 545 U.S. 967, 981-82 (2005);  *Schisler v. Sullivan*, 3 F.3d 563, 567-58 (2d Cir. 1993) ("New regulations at variance with prior judicial precedents are upheld unless 'they exceeded the Secretary's authority [or] are arbitrary and capricious.'").

ORDER - 19

1  two or more medical opinions or prior administrative findings "about the same

2  issue are both equally well-supported ... and consistent with the record ... but are

3  not exactly the same," the ALJ is required to explain how "the other most

4  persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R.

5  § 404.1520c(b)(3).

6      *1. Dr. Cogswell*

7          On June 7, 2019, Dr. Cogswell, Plaintiff's treating psychiatrist, provided an

8  opinion on Plaintiff's functioning.  Tr. 1737.  Dr. Cogswell treated Plaintiff for

9  depression and PTSD from 2012 onward.  *Id.*  Dr. Cogswell stated Plaintiff has

10  been diagnosed with "serious gastrointestinal symptoms," causing "unpredictable

11  bouts of both intense pain and diarrhea," which impact Plaintiff's activities and

12  affect his concentration, memory, and mood.  *Id.*  He opined Plaintiff's depression

13  is often "crippling"; Plaintiff has at times struggled to care for himself; he

14  experiences PTSD symptoms including hypervigilance in public, nightmares,

15  intrusive thoughts and memories, and feelings of guilt; his PTSD and depression

16  symptoms prevent him from holding gainful employment; his symptoms interfere

17  with his concentration and memory; he would not be able to consistently follow

18  directions of any complexity; and his ability to consistently show up for work is

19  poor due to his physical and psychological symptoms.  *Id.*  The ALJ found Dr.

20  Cogswell's opinion "unpersuasive."  Tr. 24.

ORDER - 20

First, the ALJ found Dr. Cogswell's opinion regarding Plaintiff's physical symptoms was based on Plaintiff's self-report, which was not supported by the evidence. *Id.* As supportability is one of the most important factors an ALJ must consider when determining how persuasive a medical opinion is, 20 C.F.R. § 404.1520c(b)(2), a medical provider's reliance on a Plaintiff's unsupported self-report is a relevant consideration when determining the persuasiveness of the opinion. The ALJ noted Dr. Cogswell treated Plaintiff only for mental health symptoms, thus any opinions regarding Plaintiff's physical symptoms must have been based on Plaintiff's self-report. Tr. 24. The ALJ also noted most of Dr. Cogswell's records during the relevant period contained recitations of Plaintiff's subjective reports. *Id.* As discussed *supra,* the ALJ properly rejected Plaintiff's symptom complaints. Plaintiff argues Dr. Cogswell's opinion is supported by the evidence, but largely cites to his own self-report as evidence and fails to address the ALJ's finding that the opinion was based too heavily on Plaintiff's self-report. ECF No. 14 at 7. The ALJ's finding that Dr. Cogswell's opinion too heavily relied on Plaintiff's properly discounted complaints was a specific and legitimate reason to reject the opinion. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Tonapetyan*, 242 F.3d at 1149.

Second, the ALJ found Dr. Cogswell's opinion regarding Plaintiff's mental health symptoms was not supported by treatment notes. Tr. 24. Supportability is

ORDER - 21

1   one of the most important factors an ALJ must consider when determining how

2   persuasive a medical opinion is.  20 C.F.R. § 404.1520c(b)(2).  The more relevant

3   objective evidence and supporting explanations that support a medical opinion, the

4   more persuasive the medical opinion is.  20 C.F.R. § 404.1520c(c)(1).  The ALJ

5   noted Dr. Cogswell's records contain minimal mental status examinations, but the

6   objective evidence within the records includes Plaintiff denying depression, notes

7   that he had stable symptoms, he completed college courses, he had good

8   grooming/hygiene, he was friendly and cooperative with normal eye contact, he

9   had a euthymic mood and full affect, and he had normal thoughts, speech,

10  orientation, memory, concentration, attention, and insight/judgment.  Tr. 24 (citing

11  Tr. 600, 613,615, 617, 619, 1164-65, 1172, 1181, 1187).

12      Plaintiff argues Dr. Cogswell's opinion is supported by the medical records.

13  ECF No. 14 at 7-8.  However, Plaintiff cites entirely to his self-reports that are

14  documented in the records.  *Id.*  Further, while the records cited to by Plaintiff

15  contain some abnormal findings such as reported nightmares, the records also

16  contain references to Plaintiff traveling to Oklahoma, though he had to return home

17  early, Tr. 1161, a provider noted Plaintiff "reported feeling anxious yet did not

18  appear so," and that he reported having a nightmare for the first time in months, Tr.

19  1162, and even when reporting feeling anxious and having had a nightmare,

20  Plaintiff had a normal mental status examination, Tr. 1164-65.  While Plaintiff

ORDER - 22

reported continuing depression and anxiety at multiple appointments, he also

reported improving symptoms and functioning, including reporting beginning and

successfully completing college courses, and he had normal mental status

examinations even at the appointments where he reported continuing symptoms.

Tr. 1172, 1177, 1181-82, 1185, 1187, 1189.  The ALJ's finding that Dr.

Cogswell's opinion that Plaintiff has crippling symptoms that prevent him from

working are inconsistent with his treatment notes was a specific and legitimate

reason, supported by substantial evidence, to reject the opinion.  *See Bray*, 554

F.3d at 1228; *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir.

2004); *Thomas*, 278 F.3d at 957; *Tonapetyan*, 242 F.3d at 1149; *Matney*, 981 F.2d

at 1019; *Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003).

Third, the ALJ found Dr. Cogswell's opinion was inconsistent with the

record as a whole.  Tr. 24-25.  Consistency is one of the most important factors an

ALJ must consider when determining how persuasive a medical opinion is.  20

C.F.R. § 404.1520c(b)(2).  The more consistent an opinion is with the evidence

from other sources, the more persuasive the opinion is.  20 C.F.R. §

404.1520c(c)(2).  The ALJ found Dr. Cogswell's opinion was not supported by the

benign mental status findings, including normal memory, concentration, and

attention.  Tr. 24.  The ALJ also noted Dr. Cogswell's opinion was not supported

by the medical records demonstrating improvement in Plaintiff's depression, sleep,

ORDER - 23

1  and nightmares.  Tr. 25 (citing Tr. 497, 603, 606, 608, 1189).  While Plaintiff

2  argues the record as a whole supports Dr. Cogswell's opinion, ECF No. 14 at 8, the

3  ALJ's finding that Dr. Cogswell's opinion that Plaintiff has crippling symptoms

4  that prevent him from working is inconsistent with the record as a whole was a

5  specific and legitimate reason, supported by substantial evidence, to reject the

6  opinion.  *See Batson*, 359 F.3d at 1195.

7         Lastly, the ALJ found Dr. Nance's opinion more persuasive than Dr.

8  Cogswell's opinion as Dr. Nance's opinion is more consistent with other opinions

9  and more supported by the evidence.  Tr. 25.  Consistency and supportability are

10  the two most important factors when considering the persuasiveness of medical

11  opinions.  20 C.F.R. § 404.1520c(b)(2).  The ALJ found Dr. Nance's opinion more

12  persuasive than Dr. Cogswell's opinion, as Dr. Nance had the opportunity to

13  review a more complete record, and provided more explanation for his opinion as

14  he was available for direct and cross-examination as a medical expert.  Tr. 25.  The

15  ALJ found Dr. Nance's opinion was supported by medical evidence, and consistent

16  with the State agency opinions.  Tr. 23.  The ALJ adopted Dr. Nance's opinion in

17  which he opined Plaintiff can understand, remember, and carryout simple, routine

18  and/or repetitive work instructions and work tasks; can have frequent contact with

19  the public; needs a routine work setting with little or no changes; no fast paced or

20  strict production quota-type work; and no independent decision-making or making

ORDER - 24

1  decisions for others.  Tr. 22, 72-74.  Dr. Nance provided an explanation for his

2  opinion that is supported by the record.  Tr. 64-72.  Plaintiff did not present any

3  argument regarding the ALJ's reliance on Dr. Nance's opinion over Dr. Cogswell's

4  opinion.  The ALJ's reliance on Dr. Nance's opinion was a specific and legitimate

5  reason, supported by substantial evidence, to reject Dr. Cogswell's opinion.  *See*

6  *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *Lester*, 81 F.3d at 831

7  (citing *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989); *Roberts v.*

8  *Shalala*, 66 F.3d 179, 184 (9th Cir. 1995).

9      *2. Dr. Reed*

10      Dr. Reed, Plaintiff's primary care physician whom has treated Plaintiff since

11  2010, provided two opinions on Plaintiff's functioning.  Tr.1341-43, 1769-73.  On

12  October 29, 2018, Dr. Reed diagnosed Plaintiff with Crohn's disease with

13  complications, chronic abdominal pain, PTSD, and gastroesophageal reflex

14  disease.  Tr. 1341.  He opined Plaintiff's pain is worsened by exertion, it can be

15  severe and at its worst is debilitating; Plaintiff would need unscheduled breaks two

16  to three times per week, for four to six hours; he would be off-task more than 30

17  percent of the time; he would miss five or more days of work per month; he would

18  be able to efficiently perform a full-time job on a sustained basis less than 50

19  percent of the time; and Plaintiff's persistent inflammatory bowel disease was

20  unresponsive to immunosuppressants and his symptoms are very limiting.  Tr.

1341-43.  On August 2, 2019, Dr. Reed diagnosed Plaintiff with inflammatory

bowel disease.  Tr. 1769.  He opined Plaintiff's symptoms have unknown triggers

and are unpredictable, but can last days to weeks and are often severe; during a

symptom exacerbation, Plaintiff could walk one block, sit for one hour, stand for

two hours, stand/walk a total of about four hours, and would need to shift positions

at will; Plaintiff would need ready access to a restroom; he would need

unscheduled restroom breaks every 30 minutes, lasting 10 to 15 minutes each; he

would need unscheduled breaks four to five time daily, lasting 20 to 30 minutes

each; he cannot lift during a period of symptom exacerbation and otherwise can lift

less than 10 pounds occasionally, 10 pounds rarely, and never higher weight;

during a period of exacerbation, he can rarely twist, stoop, crouch, squat, or climb;

during an exacerbation period, he would be off-task 25 percent of the time or more,

he would be capable of low stress work, and he would miss four or more days per

month.  Tr. 1769-72.  The ALJ found Dr. Reed's opinions unpersuasive.  Tr. 25.

First, the ALJ found Dr. Reed's opinion was based on Plaintiff's self-report.

*Id.*  As supportability is one of the most important factors an ALJ must consider

when determining how persuasive a medical opinion is, 20 C.F.R. §

404.1520c(b)(2), a medical provider's reliance on a Plaintiff's unsupported self-

report is a relevant consideration when determining the persuasiveness of the

opinion.  The ALJ found Dr. Reed opined about matters to which he had no

ORDER - 26

personal knowledge, including opining Plaintiff would be off-task, he would need

frequent breaks, he would be absent and unable to maintain

attention/concentration, and as such the opinions were based more on Plaintiff's

self-reported symptom allegations than objective evidence. Tr. 25. The ALJ also

noted the objective evidence does not support Dr. Reed's opinion, which further

supports a finding that Dr. Reed's opinion is based on Plaintiff's self-report. *Id.*

Plaintiff argues Dr. Reed did not base his opinion on Plaintiff's self-report, but

rather based it on his treatment of Plaintiff, and that the CT scans and biopsies

provide objective evidence to support the opinion. ECF No. 14 at 9 (citing Tr.

1769-70). Dr. Reed noted a CT demonstrated bowel wall thickening, Tr. 1341, and

there were abnormalities from a colon biopsy and abdominal CT scans, Tr. 1769.

However, State agency consultant Howard Platter, M.D., also noted the abnormal

findings on CT, including the thickening, and he opined Plaintiff could perform

light work, Tr. 146-47. As discussed further *infra,* Dr. McKracken also testified

that Dr. Reed's opinion is not supported by objective evidence. Tr. 51-53. As

such, the ALJ's conclusion that Dr. Reed's opinion is not supported by the

objective findings is a reasonable interpretation of the medical evidence. The

ALJ's finding that Dr. Reed's opinion relied on Plaintiff's properly rejected

complaints was a specific a legitimate reason, supported by substantial evidence, to

reject Dr. Reed's opinion.  *See Bray*, 554 F.3d at 1228; *Tonapetyan*, 242 F.3d at 1149.

Second, the ALJ found Dr. Reed's opinion was not supported by the objective evidence.  Tr. 25.  Supportability is one of the most important factors an ALJ must consider when determining how persuasive a medical opinion is.  20 C.F.R. § 404.1520c(b)(2).  The more relevant objective evidence and supporting explanations that support a medical opinion, the more persuasive the medical opinion is.  20 C.F.R. § 404.1520c(c)(1).  The medical records show Plaintiff was generally in no acute distress; he had generally normal mental status examinations; he had only some mild to moderate abdominal tenderness/fullness; he had a normal gait and no motor or neurological abnormalities; he gained weight during the relevant period; and he reported eating well, being active, and having improved energy and increased strength.  Tr. 25 (citing, *e.g.,* Tr. 449, 483, 497, 501, 603, 606, 735, 738, 741-42, 744, 1191).  While Plaintiff argues that the length and nature of Dr. Reed's relationship with Plaintiff confirms the consistency of his opinion with the evidence, Plaintiff does not address the lack of objective evidence in the record to support the opinion.  ECF No. 14 at 9.  Further, supportability and consistency are the relevant considerations; an ALJ is only required to explain how the additional considerations set forth in the new regulations, such as relationship with a provider, were considered if the ALJ finds that there are two opinions that

are equally supported and consistent.  *See* 20 C.F.R. § 404.1520c(b)(2), (3).  As the

ALJ did not find Dr. Reed's opinion was equally supported and as consistent with

the evidence as Dr. McKenna's opinion, the ALJ was not required to address Dr.

Reed's relationship with Plaintiff.  *Id.*  The ALJ's finding that Dr. Reed's disabling

opinion was inconsistent the objective evidence was a specific and legitimate

reason, supported by substantial evidence, to reject the opinion.  *See Bray*, 554

F.3d at 1228; *Batson*, 359 F.3d at 1195; *Thomas*, 278 F.3d at 957; *Tonapetyan*, 242

F.3d at 1149; *Matney*, 981 F.2d at 1019; *Connett*, 340 F.3d at 875.

Third, the ALJ found Dr. McKenna's opinion more consistent with the

evidence than Dr. Reed's opinion.  Tr. 25.  Consistency is one of the most

important factors an ALJ must consider when determining how persuasive a

medical opinion is.  20 C.F.R. § 404.1520c(b)(2).  The more consistent an opinion

is with the evidence from other sources, the more persuasive the opinion is.  20

C.F.R. § 404.1520c(c)(2).  The ALJ found Dr. McKenna's opinion was more

persuasive, as he had access to the complete record, he testified at the hearing and

gave an explanation for his opinion, and his opinion is more consistent with the

evidence than Dr. Reed's opinion.  Tr. 25.  Dr. McKenna testified that Plaintiff

carried a historical diagnosis of terminal ileitis but the imaging during the relevant

period was normal, and the diagnosis was amended to presumed Crohn's disease.

Tr. 42 (citing Tr. 678).  However, the testing for Crohn's was also negative, and

follow-up testing was normal.  Tr. 43-44.  There was also a period when Plaintiff

had an amended diagnosis of irritable bowel syndrome.  Tr. 44 (citing Tr. 679).

Dr. McKenna testified the objective evidence did not corroborate the underlying

diagnosis of Crohn's, but there is evidence of a history of stress-related irritable

bowel syndrome, and Plaintiff had continued psychogenic stress-related irritable

bowel symptoms.  Tr. 49-50.  Dr. McKenna opined Plaintiff did not have a severe

physical medically determinable impairment prior to the date last insured, as there

is not objective evidence to establish an impairment.  Tr. 51-53.  He specifically

addressed Dr. Reed's opinion, and stated there is not objective evidence to support

the opinion.  Tr. 53.  Plaintiff did not present any argument regarding the ALJ's

reliance on Dr. McKenna's opinion over Dr. Reed's opinion.  The ALJ's reliance

on Dr. McKenna's opinion was a specific and legitimate reason, supported by

substantial evidence, to reject Dr. Reed's opinion. *See Andrews*, 53 F.3d at 1041.

The ALJ properly considered the factors set forth in the new regulations and

provided specific and legitimate reasons, supported by substantial evidence, to

reject Dr. Cogswell and  Dr. Reed's opinions.  Plaintiff is not entitled to remand on

these grounds.

ORDER - 30

1

### CONCLUSION

2        Having reviewed the record and the ALJ's findings, the Court concludes the

3 ALJ's decision is supported by substantial evidence and free of harmful legal error.

4 Accordingly, **IT IS HEREBY ORDERED**:

5        1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

6        2. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

7        3. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

8        The District Court Executive is directed to file this Order, provide copies to

9 counsel, and **CLOSE THE FILE**.

10        DATED January 8, 2021.

11                        _s/Mary K. Dimke_
                          MARY K. DIMKE
12                 UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

ORDER - 31